FILED
CLERK, U.S. DISTRICT COURT
JUN - 6 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: RS DEPUTY

WILLIAM EARL LITTLEJOHN #4607431
441 BAUCHET STREET
LOS ANGELES, CA 90012

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT
WESTERN DIVISION

WILLIAM EARL LITTLEJOHN,
PLAINTIFF

v.

LOS ANGELES POLICE DEPARTMENT,
OFFICER ISSAC FERNANDEZ,
OFFICER BRIAN WILLIAMS,
OFFICER ALEX ZAMORA,
DEFENDANT

CIVIL RIGHTS COMPLAINT
(42 U.S.C § 1983, § 1985)

CIVIL NO. 2:17-CV-04212-R-JC

## A. JURISDICTION

1. JURISDICTION IS PROPER IN THIS COURT ACCORDING TO:

RECEIVED
CLERK, U.S. DISTRICT COURT
JUN - 5 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: ________ DEPUTY

a. X 42 U.S.C § 1983
b. __ 42 U.S.C § 1985
c. __ OTHER (PLEASE SPECIFY) ________

2. NAME OF PLAINTIFF WILLIAM EARL LITTLEJOHN
IS A CITIZEN OF THE STATE OF CALIFORNIA
PRESENT MAILING ADDRESS: 441 BAUCHET STREET
LOS ANGELES CA 90012

3. NAME OF FIRST DEFENDANT ISSAC FERNANDEZ #41058
IS A CITIZEN OF LOS ANGELES, CALIFORNIA
(CITY AND STATE)

IS EMPLOYED AS POLICE OFFICER AT 108th EAST DIVISION
(POSITION AND TITLE IF ANY) (ORGANIZATION)
WAS THE DEFENDANT ACTING UNDER THE AUTHORITY OR COLOR OF STATE LAW AT THE TIME THESE CLAIMS OCCURRED?

YES X NO ____. IF YOUR ANSWER IS "YES" BRIEFLY EXPLAIN.

THE DEFENDANT IS A LOS ANGELES POLICE DEPARTMENT POLICE OFFICER II, WORKING IN UNIFORM ON MAR. 15. 2016.

4. NAME OF SECOND DEFENDANT BRIAN WILLIAMS #40847
IS A CITIZEN OF LOS ANGELES, CALIFORNIA
(CITY AND STATE)

IS EMPLOYED AS POLICE OFFICER AT 108th EAST DIVISION
(POSITION AND TITLE IF ANY) (ORGANIZATION)
WAS THE DEFENDANT ACTING UNDER THE AUTHORITY OR COLOR OF STATE LAW AT THE TIME THESE CLAIMS OCCURRED?

YES X NO ____. IF YOUR ANSWER IS "YES" BRIEFLY EXPLAIN.

THE DEFENDANT IS A LOS ANGELES POLICE DEPARTMENT POLICE OFFICER II, WORKING IN UNIFORM ON MAR. 15, 2016.

5. NAME OF THIRD DEFENDANT ALEX ZAMORA # 41281
IS A CITIZEN OF LOS ANGELES, CALIFORNIA
(CITY AND STATE)

IS EMPLOYED AS POLICE OFFICER AT 108th EAST DIVISION
(POSITION AND TITLE IF ANY) (ORGANIZATION)
WAS THE DEFENDANT ACTING UNDER THE AUTHORITY OR COLOR OF STATE LAW AT THE TIME THESE CLAIMS OCCURRED?

YES X NO ____. IF YOUR ANSWER IS "YES" BRIEFLY EXPLAIN.

THE DEFENDANT IS A LOS ANGELES POLICE DEPARTMENT POLICE OFFICER II, WORKING IN UNIFORM ON MAR. 15, 2016.

6. NAME OF FOURTH DEFENDANT ________
IS A CITIZEN OF ________
(CITY AND STATE)

IS EMPLOYED AS ________ AT ________
(POSITION AND TITLE IF ANY) (ORGANIZATION)
WAS THE DEFENDANT ACTING UNDER THE AUTHORITY OR COLOR OF STATE LAW AT THE TIME THESE CLAIMS OCCURRED?

YES ____ NO ____. IF YOUR ANSWER IS "YES" BRIEFLY EXPLAIN.

## B. NATURE OF CASE

1. WHY ARE YOU BRINGING THIS CASE TO COURT? PLEASE EXPLAIN THE CIRCUMSTANCES THAT LED TO THE PROBLEM.

ON MARCH 15, 2016, THE PLAINTIFF HAD SUSTAINED SERIOUS PERSONAL INJURIES WHEN STRUCK FROM BEHIND BY A POLICE CAR MOVING IN EXCESS OF 30 M.P.H. AS OPERATED BY THE DEFENDANTS, WHILE HE WAS RIDING A BICYCLE ON WEST 115th STREET AND BROADWAY IN THE LOS ANGELES POLICE DEPARTMENTS ("LAPD") SOUTHEAST AREA.

THE DEFENDANTS DECISIONS GAVE RISE TO THIS CAUSE OF ACTION, BECAUSE THERE WAS NO JUSTIFIED NEED TO USE A VEHICLE TO APPLY SUCH AN AMOUNT OF FORCE TO STOP THE PLAINTIFF; WHOM ASSERTS THAT THIS EXCESSIVE FORCE EGREGIOUSLY VIOLATES HIS <u>FOURTH</u> AND <u>FOURTEENTH</u> AMENDMENTS.

FURTHERMORE, WHEN THE PLAINTIFF AWAKENED THE FOLLOWING DAY AT HARBOR UCLA MEDICAL CENTER AFTER EXTENSIVE MEDICAL TREATMENT FOR INJURIES TO HIS HEAD, STERNUM AND LEGS HE WAS PROMPTLY INTERVIEWED BY AN LAPD DETECTIVE WHO QUESTIONED HIM REGARDING THE CHARGES OF ASSAULT WITH A DEADLY WEAPON UPON THE PERSON OF A PEACE OFFICER.

## C. CAUSE OF ACTION

1. I ALLEGE THAT MY CONSTITUTIONAL RIGHTS, PRIVILEGES OR IMMUNITIES HAVE BEEN VIOLATED AND THAT THE FOLLOWING FACTS FORM THE BASIS FOR MY ALLEGATIONS:

a. (1) COUNT I: EXCESSIVE FORCE

(2) SUPPORTING FACTS:

IN THE EARLY MORNING HOURS ON MARCH 15, 2016, THE PLAINTIFF (WILLIAM EARL LITTLEJOHN) HAD JUST CAME FROM A FRIENDS RESIDENCE AND WAS RIDING A BICYCLE TO GO HOME. ON HIS WAY HE STOPPED AT THE CHEVRON GAS STATION CONVENIENCE STORE TO PURCHASE CIGARETTES AND A BOTTLED SODA.

THE PRESENCE OF LAW ENFORCEMENT IS NOT UNCOMMON IN THE AREA OF THIS PARTICULAR GAS-STATION, LOCATED AT THE INTERSECTION OF SOUTH-FIGUEROA AND IMPERIAL HIGHWAY.

SO AFTER PUTTING AIR INTO ONE OF THE TIRES THAT FELT LOW AT THE AIR/WATER STATION, HE GOT ON THE BIKE, SELECTED A PLAYLIST FROM SPOTIFY, INSERTED BOTH EARBUDS, PULLED THE HOODIE OVER HIS HEAD AND PEDALED OFF DOWN THE SIDEWALK TAKING IMPERIAL HIGHWAY AS A DIRECT ROUTE HOME.

OUT OF HABIT, IF AN INTERSECTION IS CLEAR WITH NO DANGER OF MOVING TRAFFIC, THE PLAINTIFF WILL 'RUN' A RED LIGHT JUST TO KEEP HIS MOMENTUM GOING. NOW, AFTER TURNING ONTO BROADWAY, HE WAS NOT AWARE OF THE DEFENDANTS (OFFICER'S ZAMORA, FERNANDEZ, WILLIAMS) IN THEIR POLICE CAR BECAUSE HE WAS WEARING EARBUDS AND LISTENING TO MUSIC WITH A HOODIE ON. AND JUST AFTER COASTING INTO THE TURN ONTO 115th STREET NEAR SOUTHEND JANITORIAL-SUPPLY ON THAT CORNER ... THAT WAS THE LAST MOMENT THE PLAINTIFF REMEMBERS.

AT NO TIME DURING HIS TRAVELING FROM THE GAS STATION UP TO THIS POINT OF IMPACT, DID ANY LAW ENFORCEMENT:

- ATTEMPT A ROUTINE STOP;
- ACTIVATE THEIR HORN THAT PRODUCES A SOUND OF AT LEAST 115 DECIBELS;
- GIVE ANY VERBAL COMMANDS; OR
- SPEED AHEAD WITH LIGHTED RED/BLUE LAMPS TO EXHIBIT AN AUTHORITATIVE ENCOUNTER TO GET THE ATTENTION OF THIS PERSON RIDING A BICYCLE.

- MISCONDUCT OF OFFICER II ISSAC FERNANDEZ:

EXCESSIVE FORCE WAS USED BY THIS NAMED DEFENDANT WHOM WAS THE DRIVER OF THE POLICE VEHICLE THAT STRUCK THE PLAINTIFF WHILE RIDING HIS BICYCLE.

- LOS ANGELES POLICE DEPARTMENT - ARREST REPORT

  - UPON REVIEW OF THE ARREST REPORT, THE NARRATIVE CONTAINED INFORMATION THAT WAS NOT ACCURATE.;

  - THERE IS NO SUPPLEMENTAL REPORT THAT REFLECTS OFFICER FERNANDEZ' ACCOUNT, IN HIS OWN WORDS.

- FORCE INVESTIGATION DIVISION REPORT OF A LAW ENFORCEMENT RELATED INJURY (FID. NO. F015-16)

  - THE OFFICERS DID NOT BROADCAST THEY WERE FOLLOWING A WANTED SUSPECT OR REQUEST FOR BACK-UP AT THIS TIME. ;

  - SHOP NO. 88544 WAS EQUIPPED WITH A DICVS. THE DICVS WAS NOT ACTIVATED UNTIL AFTER THE INCIDENT OCCURRED. ONCE OFFICER FERNANDEZ REALIZED THE DICVS WAS NOT ACTIVATED, HE ACTIVATED THE SYSTEM ;

b. (1) COUNT II: UNLAWFUL FELONY CHARGES

(2) SUPPORTING FACTS:

ON MARCH 21, 2017, THE FIRST PLEADING HAD COMMENCED IN MUNICIPAL COURT AND THE DISTRICT-ATTORNEY OF THE COUNTY OF LOS ANGELES FILED A COMPLAINT, OF WHICH ALLEGED IN THE FORMAL CHARGING DOCUMENT [EXHIBIT D] THAT:

COUNT 4

ON OR ABOUT MARCH 15, 2016, IN THE COUNTY OF LOS ANGELES, THE CRIME OF ASSAULT ON PEACE OFFICER/FIREFIGHTER WITH SEMIAUTOMATIC FIREARM, IN VIOLATION OF PENAL CODE SECTION 245(d)(2), A FELONY, WAS COMMITTED BY WILLIAM LITTLEJOHN, WHO DID WILLFULLY AND UNLAWFULLY COMMIT AN ASSAULT WITH A SEMIAUTOMATIC FIREARM ON BRIAN WILLIAMS, ALEX ZAMORA, ISSAC-FERNANDEZ WHEN THE DEFENDANT(S), WILLIAM LITTLEJOHN KNEW AND SHOULD HAVE KNOWN THAT BRIAN WILLIAMS, ALEX ZAMORA, ISSAC FERNANDEZ WAS A PEACE-OFFICER THEN AND THERE ENGAGED IN THE PERFORMANCE OF DUTY.

IT IS FURTHER ALLEGED THAT THE DEFENDANT(S), WILLIAM LITTLEJOHN USED A FIREARM WITHIN THE MEANING OF PENAL CODE SECTIONS 12022.53(b) AND 12022.5(a) AND (d).

b. (1) COUNT II: UNLAWFUL FELONY CHARGES

(2) SUPPORTING FACTS:

ON MARCH 21, 2017, THE FIRST PLEADING HAD COMMENCED IN MUNICIPAL COURT AND THE DISTRICT-ATTORNEY OF THE COUNTY OF LOS ANGELES FILED A COMPLAINT, OF WHICH ALLEGED IN THE FORMAL CHARGING DOCUMENT [EXHIBIT D] THAT:

COUNT 4

ON OR ABOUT MARCH 15, 2016, IN THE COUNTY OF LOS ANGELES, THE CRIME OF ASSAULT ON PEACE OFFICER/FIREFIGHTER WITH SEMIAUTOMATIC FIREARM, IN VIOLATION OF PENAL CODE SECTION 245(d)(2), A FELONY, WAS COMMITTED BY WILLIAM LITTLEJOHN, WHO DID WILLFULLY AND UNLAWFULLY COMMIT AN ASSAULT WITH A SEMIAUTOMATIC FIREARM ON BRIAN WILLIAMS, ALEX ZAMORA, ISSAC-FERNANDEZ WHEN THE DEFENDANT(S), WILLIAM LITTLEJOHN KNEW AND SHOULD HAVE KNOWN THAT BRIAN WILLIAMS, ALEX ZAMORA, ISSAC FERNANDEZ WAS A PEACE-OFFICER THEN AND THERE ENGAGED IN THE PERFORMANCE OF DUTY.

IT IS FURTHER ALLEGED THAT THE DEFENDANT(S), WILLIAM LITTLEJOHN USED A FIREARM WITHIN THE MEANING OF PENAL CODE SECTIONS 12022.53 (b) AND 12022.5 (a) AND (d).

▶ MISCONDUCT OF <u>OFFICER II ISSAC FERNANDEZ</u> :

THE WRONGFULNESS OF CHARGING SOMEONE ON THE BASIS OF DELIBERATELY FABRICATED ALLEGATIONS/EVIDENCE IS SUFFICIENTLY OBVIOUS THAT THE RIGHT TO BE FREE FROM SUCH CHARGES IS A CONSTITUTIONAL RIGHT.

- <u>LOS ANGELES POLICE DEPARTMENT - ARREST REPORT</u>

  - UPON REVIEW OF THE ARREST REPORT, THE NARRATIVE CONTAINED INFORMATION THAT WAS NOT ACCURATE.

- <u>FORCE INVESTIGATION DIVISION REPORT OF A LAW ENFORCEMENT RELATED INJURY (FID NO. F015-16)</u>

  - OFFICERS ZAMORA AND WILLIAMS DID NOT SEE THE GUN BEING REMOVED;

  - OFFICER FERNANDEZ STATED HE HAD NO TIME TO ALERT HIS PARTNERS ON HIS DECISION TO STRIKE LITTLEJOHN AND HIS OBSERVATION OF LITTLEJOHN REMOVING A HANDGUN FROM HIS WAISTBAND AREA;

  - THE DICVS WAS NOT ACTIVATED UNTIL AFTER THE CATEGORICAL USE OF FORCE OCCURRED.

THE PLAINTIFF HEREBY AFFIRMS THAT THE MISCONDUCT OF OFFICER ISSAC FERNANDEZ, AND THE FALSIFIED ALLEGATIONS THAT BECAME UNLAWFUL FELONY CHARGES EGREGIOUSLY VIOLATED HIS FOURTEENTH AMENDMENT TO THE CONSTITUTION;

SUCH A DECISION WAS NOT WITHIN THE PERFORMANCE OF THIS OFFICER'S DUTY.

(3) SUPPORTING FACTS:

FURTHERMORE, THE PLAINTIFF CONTESTED THE FALSIFIED ALLEGATIONS THAT BECAME "COUNT 4" BY TRIAL OF A JURY SWORN IN ON MARCH 10, 2017 AND RENDERED THEIR DECISIVE VERDICTS ON MARCH 17, 2017.

THE PLAINTIFF WAS FOUND "NOT GUILTY" OF VIOLATING PENAL CODE SECTION 245(d)(2) WHICH IS A SERIOUS FELONY; BUT INSTEAD WAS FOUND "GUILTY" OF THE LESSER INCLUDED MISDEMEANOR VIOLATION OF PENAL CODE SECTION 241(c).

- TRIAL TRANSCRIPTS - PROSECUTION WITNESS TESTIMONY: OFFICER BRIAN WILLIAMS

- EMPHATICALLY IMPEACHED THE VERSION OF EVENTS PROFESSED FROM OFFICER ISSAC FERNANDEZ.

► MISCONDUCT OF OFFICER II ALEX ZAMORA

THE DELIBERATE INDIFFERENCE BY THIS DEFENDANT WHOM HAD A DUTY TO PREVENT THE UNWARRENTED USE OF FORCE BY HIS ASSIGNED PARTNER OFFICER ISSAC FERNANDEZ UPON THE PLAINTIFF, IN HIS PRESENCE AND/OR OTHERWISE WITHIN HIS KNOWLEDGE.

IT IS FURTHER CONSIDERED THAT IT WAS PRACTICAL FOR HIM TO TAKE CORRECTIVE ACTION.

- FORCE INVESTIGATION DIVISION REPORT OF A LAW ENFORCEMENT RELATED INJURY (FID NO. F015-16)

  - NO DISPATCH COMMUNICATION – THESE OFFICERS DID NOT BROADCAST THEY WERE FOLLOWING A WANTED SUSPECT OR REQUEST FOR BACK UP AT THAT TIME;

  - DICVS WAS NOT ACTIVATED UNTIL AFTER THE INCIDENT OCCURRED – TO ACTIVATE ONLY REQUIRES AN OFFICER TO PRESS A BUTTON ON THE WIRELESS DEVICE THAT RESTS IN A COMPARTMENT ON HIS EQUIPMENT BELT (SAM BROWNE), AND THE DICVS IS ONLY CAPABLE OF SYNCHING TWO DEVICES (OFFICER FERNANDEZ & OFFICER ZAMORA);

- MISCONDUCT OF OFFICER II BRIAN WILLIAMS

THE DELIBERATE INDIFFERENCE BY THIS DEFENDANT WHOM HAD A DUTY TO PREVENT THE UNWARRENTED USE OF FORCE BY HIS FELLOW OFFICER, OFFICER-ISSAC FERNANDEZ UPON THE PLAINTIFF, IN HIS PRESENCE AND/OR OTHERWISE WITHIN HIS KNOWLEDGE.

IT IS FURTHER CONSIDERED THAT IT WAS PRACTICAL FOR HIM TO TAKE CORRECTIVE ACTION.

- FORCE INVESTIGATION DIVISION REPORT OF A LAW ENFORCEMENT RELATED INJURY (FID NO. F015-16)

  - NO DISPATCH COMMUNICATION - THESE OFFICERS DID NOT BROADCAST THEY WERE FOLLOWING A WANTED SUSPECT OR REQUEST FOR BACK UP AT THAT TIME;

  - DICVS WAS NOT ACTIVATED UNTIL AFTER THE INCIDENT OCCURRED - TO ACTIVATE ONLY REQUIRES AN OFFICER TO PRESS A BUTTON ON THE WIRELESS DEVICE THAT RESTS IN A COMPARTMENT ON HIS EQUIPMENT BELT (SAM BROWNE), AND SINCE THE DICVS WAS ONLY CAPABLE OF SYNCHING TWO DEVICES (OFFICER FERNANDEZ & OFFICER ZAMORA);

  - OFFICER WILLIAMS DID NOT HAVE A DICVS MICRO-PHONE ON HIS PERSON, BUT HE DID HAVE RADIO COMMUNICATION THAT HE FAILED TO UTILIZE.

## D. INJURY

1. HOW HAVE YOU BEEN INJURED BY THE ACTIONS OF THE DEFENDANTS?

COLLECTIVELY, TO THE MAJORITY OF THE COMMUNITY IN THE SOUTHEAST LOS ANGELES AREA THAT IS PATROLED BY THE "108TH EAST DIVISION," IN THE CITY'S POORER NEIGHBORHOOD'S, AFRICAN-AMERICANS ("BLACK(S)") AND LATINOS JUSTIFIABLY VIEW THE LOS ANGELES POLICE DEPARTMENT'S OFFICERS AS AN OCCUPYING MILITARY FORCE IN OUR NEIGHBORHOOD'S, RATHER THAN PUBLIC SERVANTS THERE TO PROTECT AND SERVE.

THIS PLAINTIFF (WILLIAM EARL LITTLEJOHN) IS AN AFRICAN-AMERICAN WHO IS ONLY 5 FEET 9 INCHES TALL, AND MORBIDLY OBESE (APPROX. 300 lbs) WITH HEALTH PROBLEMS, AND A DATE OF BIRTH OF JUNE 18, 1976.

AS A RESIDENT OF THE SOUTHEAST LOS ANGELES AREA, THE PLAINTIFF HAS SUFFERED AND TOLERATED MANY INDIGNANT INTERACTIONS DURING HIS ADULT LIFE WITH LAPD POLICE OFFICER'S.
MOST OF THESE ENCOUNTERS WERE EITHER PRETEXTUAL OR OVERLY AGGRESSIVE RACIAL-PROFILINGS.

## E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1. HAVE YOU FILED OTHER LAWSUITS IN STATE OR FEDERAL COURT THAT DEAL WITH THE SAME FACTS THAT ARE INVOLVED IN THIS ACTION OR OTHERWISE RELATE TO THE CONDITIONS OF YOUR IMPRISONMENT? YES ___ / NO X .

## F. REQUEST FOR RELIEF

1. I BELIEVE THAT I AM ENTITLED TO THE FOLLOWING RELIEF:

A. COURT AFFIRMATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES;

B. ORDER DEFENDANTS TO PAY COMPENSATORY AND PUNATIVE DAMAGES;

C. ORDER DEFENDANTS TO PAY REASONABLE ATTORNEY FEES AND COSTS; AND

D. GRANT OTHER JUST AND EQUITABLE RELIEF THAT THIS HONORABLE COURT DEEMS NECESSARY.

DECLARATION UNDER PENALTY OF PERJURY

THE UNDERSIGNED DECLARES UNDER PENALTY OF PERJURY THAT HE IS THE PLAINTIFF IN THE ABOVE ACTION, THAT HE HAS READ THE ABOVE COMPLAINT, AND THAT THE INFORMATION CONTAINED THEREIN IS TRUE AND CORRECT. 28 U.S.C §1746 ; 18 U.S.C. §1621 .

EXECUTED AT ______________________________

ON MARCH 10, ______________ 2017.

William Littlejohn

SIGNATURE

WILLIAM LITTLEJOHN #46[illegible]31
L.A. COUNTY JAIL
P.O. BOX 86164
TERMINAL ANNEX
LOS ANGELES, C.A. 90086-0164

RECEIVED
CLERK, U.S. DISTRICT COURT
JUN - 5 2017
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

CV

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
312 NORTH SPRING STREET, ROOM G-8
LOS ANGELES, CALIFORNIA. 90012

RECEIVED
CLERK, U.S. DISTRICT COURT
JUN - 5 2017
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY