UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EARL LITTLEJOHN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No. CV 17-4212 R(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

On June 6, 2017, plaintiff William Earl Littlejohn, who is in custody, is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*, filed a verified Civil Rights Complaint pursuant to 42 U.S.C. § 1983 which names as defendants the Los Angeles Police Department ("LAPD") and LAPD Officers Issac Fernandez, Brian Williams, and Alex Zamora.

On January 8, 2018, this Court screened and dismissed the Complaint with leave to amend and directed plaintiff, within twenty (20) days, to file a First Amended Complaint or a signed Notice of Dismissal ("January Order"). The January Order further expressly cautioned plaintiff in bold-faced print that the failure timely to file a First Amended Complaint or a Notice of Dismissal may be deemed plaintiff's admission that amendment is futile and may result in the

1

dismissal of this action on the grounds set forth in the January Order, on the ground that amendment is futile, for failure diligently to prosecute, and/or for failure to comply with such Order.  Although the foregoing deadline expired more than two weeks ago, to date plaintiff has failed to file a First Amended Complaint or a Notice of Dismissal.

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to state a claim upon which relief can be granted, his failure to comply with the January Order and his failure diligently to prosecute.

First, as explained in detail in the January Order, the Complaint failed to state a claim upon which relief may be granted.  The January Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading, granted plaintiff ample leave to file an amended complaint to the extent he was able to cure the multiple pleading deficiencies identified, and warned plaintiff that the action would be dismissed if he failed timely to file such an amendment.  Since plaintiff did not file an amended complaint despite having been given an opportunity to do so, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that states viable claims for relief and deems such failure an admission that amendment is futile.  See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014).  Accordingly, dismissal of the instant action based upon plaintiff's failure to state a claim is appropriate.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the January Order and the failure diligently to prosecute.  It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute.  See Link v.

Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).[1] Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the January Order warrant dismissal.

---

[1] Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the January Order) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.). Here, as noted above, plaintiff has been notified of the deficiencies in the Complaint and has been afforded the opportunity to amend effectively. Further, the Court's January Order was not erroneous.

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

DATED: February 20, 2018

_____
HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE